IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM WEBSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| a municipal corporation, | ) |
| OFFICER JEROME HOFFMAN, | ) FILED: MAY 3, 2008 |
| Star No. 19110, OFFICER | ) 08 CV 2532   JH |
| JAMES WEYFORTH, Star No. | ) JUDGE HART |
| 12186, OFFICER CHARLIE | ) MAGISTRATE JUDGE KEYS |
| PERSON, Star No. 16501, | ) |
| OFFICER KENNETH HERRERA, Star | ) |
| No. 13680, Chicago Police | ) |
| Officers in their individual | ) |
| Capacity, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, Adam Webster, by and through his attorneys, DVORAK, TOPPEL & BARRIDO, LLC, and complaining of Defendants City of Chicago, Officer Jerome Hoffman (Star No. 19110), Officer James Weyforth (Star No. 12186), Officer Charlie Person (Star No. 16501), and Officer Kenneth Herrera (Star No. 13680) (collectively "the Defendant Officers"), states as follows:

### Jurisdiction/Venue

1. This incident occurred on May 22, 2007 in the City of Chicago, County of Cook, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the

United States, and the pendent jurisdiction of this Court, as provided under 28 U.S.C. § 1367(a).

## Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Chicago was a municipal corporation, and the principal employer of the Defendant Officers, who were acting under color of law and within the course and scope of their employment with the City of Chicago.

## Facts

5. On or about May 22, 2007, the Plaintiff was in the vicinity of 6558 S. Claremont Avenue, Chicago, Illinois.

6. Having recently left his abode, Plaintiff was in close proximity of his home when the Defendant Officers stopped their car(s) in front of Plaintiff.

7. Then and there, without legal cause or justification, the Defendant Officers physically attacked Plaintiff.

8. Plaintiff was standing when he was first struck with fists; then Plaintiff fell to the ground, where the attack from the Defendant Officers continued unabated, despite Plaintiff's cries for help to his mother.

9. Plaintiff sustained serious injuries to his left ankle and wrist, and Plaintiff sustained cuts, contusions, abrasions and similar injuries to his head, face, body, and legs.

10. Plaintiff was then arrested, brought into custody, and criminally charged.

11. As the proximate result of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered bodily injury, pain and suffering, and medical expenses.

### **COUNT I - 42 U.S.C. § 1983 Excessive Force**

(Plaintiff v. the Defendant Officers)

12. Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

13. The actions of the Defendant Officers in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff's person, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in his person, papers, and effects against unreasonable searches and seizures, thus violating 42 U.S.C. § 1983.

14. As the proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### **COUNT II - 42 U.S.C. § 1983 Failure to Intervene**

(Plaintiff v. the Defendant Officers)

15.  Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

16.  The action, or inaction, of the Defendant Officers in failing to intervene and protect Plaintiff from excessive, unreasonable, and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983, as these actions and inactions were the direct and proximate cause of Plaintiff's injuries, described herein.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against the Defendant Officers, and because each acted maliciously, wantonly, and oppressively, Plaintiff demands substantial punitive damages, costs, attorney's fees, and any other additional relief this Court deems equitable and just.

### COUNT III - Illinois State Law Claim of Battery (*respondeat superior*)

(Plaintiff v. City of Chicago)

17.  Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

18.  One or more of the police officers with the Defendant City of Chicago physically abused Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against Plaintiff without provocation or legal justification.

19.  The actions of one or more Chicago police officers were the direct and proximate cause of the injuries suffered by Plaintiff, as described herein.

20. One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago while taking these actions, and thus, the City of Chicago is liable based on the theory of *respondeat superior.*

WHEREFORE, Plaintiff demands compensatory damages against the Defendant City of Chicago, plus litigation costs, and any other additional relief this Court deems equitable and just.

### COUNT IV - Indemnification (Federal Claims Only)

(Plaintiff v. City of Chicago)

21. Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

22. The Defendant City of Chicago is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Plaintiff, which were taken while acting under color of law and in the course an scope of their employment with the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth herein, Plaintiff demands that the Defendant City of Chicago be found liable for any judgment, other than punitive damages, Plaintiff obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Brian J. Barrido_____
Brian J. Barrido,
One of the Attorneys for Plaintiff


Brian J. Barrido
DVORAK, TOPPEL & BARRIDO, LLC
3859 W. 26th St.
Chicago, IL 60623
(773) 521-1300
(773) 521-4400 (fax)
brian.barrido@civilrightsdefenders.com