**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 C 2532 |
| | ) | |
| CITY OF CHICAGO, | ) | Judge Hart |
| a municipal corporation, | ) | |
| OFFICER JEROME HOFFMAN, | ) | |
| Star NO. 19110, OFFICER | ) | |
| JAMES WEYFORTH, Star No. 12186, | ) | |
| OFFICER CHARLIE PERSON, Star No. | ) | |
| 16501, OFFICER KENNETH HERRERA, | ) | |
| Star No. 13680, Chicago Police Officers | ) | |
| in their individual Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Jerome Hoffman, James Weyforth, Charles Person and Kenneth Herrera, by their attorney, Alec M. McAusland, Senior Assistant Corporation Counsel, submit the following answer, affirmative defenses and jury demand.

**Jurisdiction/Venue**

1.      This incident occurred on May 22, 2007 in the City of Chicago, County of Cook, Illinois.

**ANSWER:**     The defendants admit they had contact with the plaintiff on May 22, 2007 in Chicago.  The defendants deny, consistent with the following, the wrongful conduct alleged against them.

2.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a), the Constitution of the

United States, and the pendent jurisdiction of this Court, as provided under 28 U.S.C. § 1367(a).

**ANSWER:**     The defendants admit the jurisdictional allegations of paragraph 2.

## Parties

3.     At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER:**     The defendants are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegation of paragraph 3.

4.     At the time of the occurrence, Defendant City of Chicago, was a municipal corporation, and the principal employer of the Defendant Officers, who were acting under color of law and within the course and scope of their employment with the City of Chicago.

**ANSWER:**     The defendants admit the allegations of paragraph 4.

## Facts

5.     On or about May 22, 2007, the Plaintiff was in the vicinity of 6558 S. Claremont Avenue, Chicago, Illinois.

**ANSWER:**     The defendants admit that at a certain point on May 22, 2007, plaintiff was

at 6558 S. Claremont.

6.     Having recently left his abode, Plaintiff was in close proximity of his home when the Defendant Officers stopped their car(s) in front of Plaintiff.

**ANSWER:**  The defendants deny that plaintiff had recently left his abode at the point

they were with him at 6558 South Claremont, and deny that they stopped their cars in front of

plaintiff.  The defendants admit that plaintiff was in proximity to his home.

7.     Then and there, without legal cause or justification, the Defendant Officers physically attacked Plaintiff.

**ANSWER:**     The defendants deny the allegations of paragraph 7.


8.     Plaintiff was standing when he was first struck with fists; then Plaintiff fell to the ground, where the attack from the Defendant Officers continued unabated, despite Plaintiff's cries for help to his mother.

**ANSWER:**     The defendants deny the allegations of paragraph 8.


9.     Plaintiff sustained serious injuries to his left ankle and wrist, and Plaintiff sustained cuts, contusions, abrasions and similar injuries to his head, face, body, and legs.

**ANSWER:**     The defendants admit plaintiff complained of an injury to one of his ankles, and deny that plaintiff was injured as a result of having been beaten.  The defendants deny the remaining allegations of paragraph 9.


10.     Plaintiff was then arrested, brought into custody, and criminally charged.

**ANSWER:**     The defendants admit the allegations of paragraph 10.


11.     As the proximate result of all of the aforementioned actions by the Defendant Officers, Plaintiff suffered bodily injury, pain and suffering, and medical expenses.

**ANSWER:**     The defendants deny the allegations of paragraph 11.


## COUNT I - 42 U.S.C. § 1983 Excessive Force

(Plaintiff v. the Defendant Officers)

12.     Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

**ANSWER:**     The defendants reallege their answers to paragraph 1-11 as their answer to paragraph 12.

13.     The actions of the Defendant Officers in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff's person, violated plaintiff's rights under the Fourth Amendment to the United States Constitution, enforceable against the states and their municipalities through the Fourteenth Amendment, to be secure in his person, papers, and effects against unreasonable searches and seizures, thus violated 42 U.S.C. § 1983.

**ANSWER:**     The defendants deny the wrongful conduct alleged, and deny their actions

violated the Fourth Amendment.


14.     As the proximate result of the aforementioned actions by the Defendant Officers, the Plaintiff suffered loss of freedom, bodily injury, pain and suffering, emotional damage, and medical expenses.

**ANSWER:**     The defendants deny the allegations of paragraph 14.

**WHEREFORE**, the defendants respectfully pray that this Honorable Court enter

judgment in their favor on Count I, with fees and costs and with such other relief as this

Honorable Court deems just.


## COUNT II - 42 U.S.C. § 1983 Failure to Intervene

### (Plaintiff v. the Defendant Officers)

15.     Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

**ANSWER:**     The defendants reallege their answer to paragraph 1-11 as their answer to

paragraph 15.


16.     The action, or inaction, of the Defendant Officers in failing to intervene and protect Plaintiff from excessive, unreasonable, and unjustifiable force, despite the duty and opportunity to do so, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, and hence violated 42 U.S.C. § 1983, as these actions and inactions were the direct and proximate cause of Plaintiff's injuries, described herein.

4

**ANSWER:**    The defendants deny the wrongful conduct alleged, and deny their actions

violated the Fourth and Fourteenth Amendments.

### COUNT III - Illinois State Law Claim of Battery (*respondeat superior)*

*(*Plaintiff v. City of Chicago)

17.    Plaintiff re-alleges paragraphs 1-22 and incorporates them herein as though stated in full.

**ANSWER:**    The defendants reallege their answer to paragraphs 1-22 as their answer to

paragraph 17.

18.    One or more of the police officers with the Defendant City of Chicago physically abused Plaintiff, and these officers committed these intentional acts of harmful and/or offensive contact against Plaintiff without provocation or legal justification.

**ANSWER:**    The defendants deny the allegations of paragraph 18.

19.    The actions of one or more Chicago Police officers were the direct and proximate cause of the injuries suffered by Plaintiff, as described herein.

**ANSWER:**    The defendants deny the allegations of paragraph 19.

20.    One or more Chicago police officers were acting in the course and scope of their employment with the City of Chicago while taking these actions, and thus, the City of Chicago is liable based on the theory of *respondeat superior*.

**ANSWER:**    The defendants deny the wrongful conduct alleged.  The defendants admit

the remaining allegations of paragraph 20.

**WHEREFORE**, the defendants respectfully pray that this Honorable Court enter

judgment in their favor on Count III, with fees and costs and with such other relief as this

Honorable Court deems just.

**COUNT IV - Indemnification** (Federal Claims Only)

(Plaintiff v. City of Chicago)

21.    Plaintiff re-alleges paragraphs 1-11 and incorporates them herein as though stated in full.

**ANSWER:**    The defendants reallege their answers to paragraphs 1-11 as their answer to paragraph 21.

22.    The Defendant City of Chicago is the indemnifying entity for the actions described in this Complaint; to wit, the actions of the Defendant Officers against Plaintiff, which were taken while acting under color of law and in the course an scope of their employment with the City of Chicago.

**ANSWER:**    The defendants admit the allegations of paragraph 22.

## AFFIRMATIVE DEFENSES

1.    At all times during the events alleged in Plaintiff's complaint, a reasonable police officer in the positions of the defendants could have believed that his conduct was objectively reasonable and within constitutional limits that were clearly established at the time.  Thus, the defendants are entitled to qualified immunity for their  actions.

2.    Under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq., a local government employee acting in the execution or enforcement of the law cannot be liable for his actions, unless those actions were wilful and wanton.  Id. at § 2-202.  The defendants' complained of actions were not wilful or wanton.

**JURY DEMAND**

The defendants respectfully demand this case be tried by jury.

Respectfully submitted,

  /s/ *Alec M. McAusland*
ALEC M. McAUSLAND
Senior Asst. Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-4038
(312) 744-6566 (FAX)
ATTY. NO.  06202724